IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UMB BANK, N.A.<br>*solely in its capacity as successor trustee*<br>*for the TGT, TIF, CID Indenture Bonds*,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>D. JON MONSON, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:21-cv-02504-EFM-KGG |

**MEMORANDUM AND ORDER DENYING**
**MOTION FOR EXTENSION OF TIME**

Now before the Court is Plaintiff's motion to extend the deadline to file motions to amend (ECF No. 41). Plaintiff seeks an extension of the deadline to file a motion to amend due to outstanding discovery. As more fully set forth below, the Court **DENIES** the motion.

This case centers around the stalled development of a hotel in northeastern Kansas. Plaintiff is the successor trustee to three bond indentures. The named Defendants are an individual and four entities who plan to construct the hotel at issue. The Defendants entered into a development agreement with the City of Edwardsville, Kansas and attempted to secure funding through a combination of loans and bonds. For reasons that are disputed between the parties, the funding for the hotel project never materialized which halted development of the hotel. Plaintiff brings several claims against the Defendants alleging that they made fraudulent or negligent misrepresentations to secure the bonds and for breach of the development agreement. The District Judge denied Defendants' motion to dismiss on August 31, 2022.

Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

> To establish 'good cause' the moving party must show that the scheduling order's deadline could not have been met with diligence. *Parker v. Cent. Kansas Med. Ctr.*, 178 F.Supp.2d 1205, 1210 (D. Kan. 2001); *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993). 'This rule gives trial courts 'wide latitude in entering scheduling orders,' and modifications to such orders are reviewed for abuse of discretion.' *In re Daviscourt*, 353 B.R. 674, (B.A.P. 10th Cir. 2006) (citing *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996)).

*Grieg v. Botros*, No. 08-1181-EFM-KGG, 2010 WL 3270102, at *3 (D. Kan. Aug. 12, 2010). It is well-established in this District that motions to modify a scheduling order focus "on the diligence of the party seeking to modify the scheduling order." *Id.* (citing *Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 245 F.R.D. 524, 528 (D.N.M. 2007) (internal citations omitted)).

The purpose of the deadline to file a motion to amend is to crystallize the pleadings and to facilitate discovery. Outstanding discovery requests and pending motions are rarely good cause to extend the deadline to amend pleadings. Plaintiff may be concerned about finding information during discovery that may require adding parties or amending the complaint. However, such speculation does not amount to "good cause" under the Federal Rules. In the event Plaintiff were to receive unexpected discovery that warrants amending the pleadings, then that would very likely amount to good cause or excusable neglect to file out of time.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend the deadline to file a motion to amend the pleadings is **DENIED.**

    **IT IS SO ORDERED.**

Dated August 31, 2022, at Wichita, Kansas

/s Kenneth G. Gale
Kenneth G. Gale
U.S. Magistrate Judge