**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UMB BANK, N.A.,

        *Plaintiff/Counter-Defendant,*

 vs.

D. JON MONSON; COMPASS
COMMODITIES GROUP III, LLC; 11
WATER LLC; ONE10 HOTEL HRKC LLC;
and ONE10 HOTEL HOLDINGS LLC,

        *Defendants/Counter-Plaintiffs,*

vs.

COLLIERS SECURITIES, LLC; and
COLLIERS MORTGAGE, LLC,

        *Third-Party Defendants.*

Case No. 21-cv-2504-EFM-KGG

**MEMORANDUM AND ORDER**

Before the Court is Defendants/Third Party Plaintiffs' Motion for Reconsideration (Doc. 174) of this Court's prior Order granting in part and denying in part Third-Party Defendants Colliers Securities, LLC's and Colliers Mortgage, LLC's (collectively "Colliers") motion to dismiss. In their Motion, Defendants make two requests. First, they ask the Court to clarify that it dismissed Defendants' express contractual indemnity claim without prejudice. Second, they

seek to reinstate their implied contractual indemnity claim against Colliers Mortgage, LLC based on this Court's misapprehension of Defendants' response to Colliers' motion to dismiss.  For the reasons below, the Court grants Defendants' Motion in part and denies it in part.

## I.      Factual and Procedural Background

The facts in the underlying case have been laid out in this Court's previous order[1] granting in part and denying in part Third Party Defendants' motion to dismiss Defendants' claims.  Against Colliers, Defendants alleged two claims: Count I for indemnification and Count II for breach of contract.   Defendants' Third-Party Complaint, however, does not specify which theory of indemnification they rely on to state their claim.

In their motion to dismiss, Colliers addressed an express contractual indemnity against Colliers and an implied contractual indemnity claim against Colliers Mortgage.  From Defendants' Complaint and response to Colliers' motion, it appeared that any express contractual indemnity claim rested on Paragraph 10 of the Bond Purchasing Agreements.  In contrast, the implied contractual indemnity claim stemmed from the relationship of Colliers' predecessor in interest, Dougherty Funding LLC, to Defendants.  In Section IV-B of their response to Colliers' motion to dismiss, Defendants argued that Dougherty Funding's involvement in the alleged misrepresentations and omissions claimed by UMB Bank, N.A. in the underlying case rendered Colliers liable for any recovery UMB Bank might receive from its pending lawsuit.

Relevant to this order, the Court dismissed Defendants' express contractual indemnification claim without specifying whether that dismissal was with prejudice.  It also

---

[1] *See* Memorandum and Order, Doc. 167, also available at *UMB Bank, N.A. v. Monson*, 2023 WL 5956276 (D. Kan. 2023).

dismissed Defendants' implied contractual indemnity claim because the Court understood Defendants' response to indicate that Defendants' implied contractual indemnity claim likewise rested on Paragraph 10.

Defendants now move for reconsideration regarding those two claims.   Specifically, Defendants request that the Court clarify that the express contractual indemnity claim was dismissed *without* prejudice.   They also ask the Court to reinstate their implied contractual indemnity claim.

## II.      Legal Standard

The Court has discretion whether to grant a motion to reconsider.[2]  The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[3]   Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not interchangeable.[4]  A motion for reconsideration under Rule 59(e) "gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[5]  The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[6]  "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[7]  Such motions

---

[2] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[3] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[4] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (citation omitted) (internal quotation marks omitted).

[5] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

[6] *Barber ex rel. Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted).

[7] *Voelkel*, 846 F. Supp. at 1483.

are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear

new arguments or supporting facts that could have been presented originally.[8]

### III.    Analysis

**A.    Express contractual indemnity**

Defendants first ask this Court to clarify that their express contractual indemnity claim was

dismissed without prejudice.  Because the dismissal rested on the absence of facts triggering the

Paragraph 10 of the Bond Purchasing Agreement, the Court did not adjudicate Defendants' express

contractual indemnity claim on the merits.  Rather, it dismissed the claim as unripe.  The Tenth

Circuit has instructed that unripe claims should normally be dismissed without prejudice.[9]

Accordingly, dismissal of Defendants' express contractual indemnity claim *without* prejudice is

appropriate.

**B.    Implied contractual indemnity**

With regard to their implied contractual indemnification claim, Defendants contend that

the Court misapprehended their position with its response to Colliers' motion to dismiss.  As noted

in the Court's initial order, the nature of Defendants' indemnification claim in their Complaint was

unclear.  And yet, the Court must acknowledge that it misapprehended Defendants' position within

their response to Colliers' motion to dismiss. Although Defendants still avoided labeling their

indemnification in a helpful way, the only possible claim argued in Section IV-B of their response

was an implied contractual indemnification claim.   Thus, the Court concludes that Defendants'

---

[8] *See Van Skiver*, 952 F.2d at 1243.

[9] *See, e.g.*, *B. Willis, C.P.A., Inc. v. BNSF Ry.*, 531 F.3d 1282 (10th Cir. 2008) (affirming dismissal of unripe claims but remanding to district court to clarify that those claims were dismissed without prejudice).

did not base their implied contractual indemnity claim against Dougherty Funding solely on Paragraph 10.

Nevertheless, Defendants' implied contractual indemnity claim still fails.   "Implied contractual indemnity arises when one is compelled to pay what another party ought to pay; generally, when a party without fault is made to pay for a tortious act of another and seeks indemnity from the party at fault of liability."[10]  Accordingly, "an action for implied contractual indemnity arises where a principal is compelled to pay a third person for the negligent acts of its agent."[11]  Therefore, "an indemnity claim does not arise until the indemnitee becomes obligated to pay, whether by judgment or settlement."[12]

Just like Defendants' express contractual indemnity claim, Defendants plead no facts showing that they have been found liable to UMB Bank and had to pay either by judgment or settlement.  Thus, Defendants' implied contractual indemnity claim is not yet ripe.  Accordingly, the Court clarifies its prior Order by dismissing Defendants' implied contractual indemnity claim without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration (Doc. 174) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Count I of Defendants' Third-Party Complaint is **DISMISSED** without prejudice.

---

[10] *Unified Sch. Dist. 467 v. Leland A. Gray Architects, LLC*, 112 F. Supp. 3d 1223, 1228–29 (D. Kan. 2015) (further citations omitted).

[11] *U.S. Fid. & Guar. Co. v. Sulco, Inc.*, 939 F. Supp. 820, 824 (D. Kan. 1996) (citation omitted).

[12] *MWCB Rock Road, LLC, v. C&W Facility Servs., Inc.*, 2022 WL 168221, at *3 (D. Kan. 2022) (quoting *Med James, Inc. v. Barnes*, 31 Kan. App. 2d 89, 61 P.3d 86, 94, *rev. denied*, 275 Kan. 965 (2003)).

-6-

**IT IS SO ORDERED.**

Dated this 19th day of December, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE