UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UMB BANK, N.A., solely in its capacity as successor trustee for the TGT, TIF, CID indenture bonds,<br><br>  Plaintiff/Counter-Defendant,<br><br>  v.<br><br>D. JON MONSON, et al.,<br><br>  Defendants/Counter-Plaintiffs.<br><br>  v.<br><br>COLLIERS SECURITIES, LLC and COLLIERS MORTGAGE, LLC,<br><br>  Third-Party Defendants. | Case No. 21-2504-EFM-BGS (Lead Case) |
| HOWARD YU, solely in his capacity as trustee of the estate of Anthony John Jacobson family trust,<br><br>  Plaintiff/Counter-Defendant,<br><br>  v.<br><br>UMB BANK, N.A., solely in its capacity as successor trustee for the bonds,<br><br>  Defendant/Counter-Plaintiff. | Case No. 23-2441-EFM-GEB, consolidated with Case No. 21-2504-JWB-BGS (Lead Case) |

**MEMORANDUM AND ORDER DENYING
JOINT MOTION TO AMEND SCHEDULING ORDER**

This matter comes before the Court on the parties' joint motion to amend the scheduling order. Doc. 405. For the reasons stated below, the motion is **denied**.

**I. Background**

This consolidated action arises out of the publicly financed portion of a failed hotel and events center development project in Edwardsville, Kansas. *See generally* Doc. 201. Plaintiff UMB

1

Bank, N.A., solely in its capacity as successor trustee for certain bond indentures, alleges that various developer, guarantor, and related entities engaged in misconduct in connection with the issuance and administration of municipal bonds that financed the project. *Id.* Defendants deny liability and assert counterclaims, including claims for breach of contract and declaratory relief regarding the parties' rights and obligations under the governing agreements. *See* Docs. 293, 294. The case has been litigated for more than four years and has involved extensive motion practice, amendments to the pleadings, third-party claims, mediation efforts, expert discovery, and numerous depositions.

Because the present motion seeks modification of the case deadlines, the Court briefly recounts the relevant procedural history and the progression of the scheduling orders entered in this matter:

- **April 20, 2022** – The Court entered the original Scheduling Order following a Rule 16 conference. Doc. 30.

- **September 6, 2022** – The Court granted the parties' first joint motion to amend the schedule after resolution of a motion to dismiss and related stay request, and entered a Revised Scheduling Order extending discovery and other pretrial deadlines. Doc. 57.

- **January 5, 2023** – The Court granted a second joint motion to amend the scheduling order based upon ongoing document production and the parties' representation that additional time was necessary to complete written discovery and conduct depositions before expert designations. Doc. 91.

- **October 25, 2023** – Following the addition of third-party Defendants, the Court entered a Third Revised Scheduling Order to account for the broadened scope of the litigation and to reset deadlines accordingly. Docs. 116, 119, 180.

- **January 10, 2024** – Plaintiff moved for leave to file a First Amended Complaint and to join numerous additional defendants. Doc. 184. The Court granted that motion on April 29, 2024. Doc. 200. The amendment substantially expanded the scope of the litigation, added new parties and claims and broadened the factual and legal issues in dispute. *See* Doc. 201. Plaintiff filed the First Amended Complaint on May 1, 2024, and service was thereafter completed on the newly added defendants.

- **October 2, 2024** – In light of the amended pleadings and the expanded scope of the case, the Court entered a Fourth Revised Scheduling Order, resetting discovery

2

      and pretrial deadlines to account for the newly added parties and claims. Doc. 260.

- **March 5, 2025** – The Court granted a joint motion extending deadlines approximately 90 days based on the parties' ongoing settlement discussions and a related appraisal, while cautioning that settlement efforts alone would not constitute good cause for further extensions. Doc. 281.

- **October 9, 2025** – The Court granted another joint motion to amend the schedule based on the substantial number of depositions requiring travel and coordination among numerous parties and counsel, and entered a Sixth Revised Scheduling Order extending the discovery and pretrial deadlines.[1] Doc. 337. The parties represented that they believed this would be the final request for additional time. Doc. 334. The Sixth Revised Scheduling Order set January 30, 2026 as the discovery deadline; February 27, 2026 as the deadline to submit a proposed pretrial order; and April 7, 2026 as the deadline for dispositive motions.

On February 18, 2026—18 days <u>after</u> the discovery deadline—the parties filed the present Joint Motion to Amend the Scheduling Order and Extend Deadlines by Three Months. Doc. 405. In support, the motion outlines numerous depositions completed in late 2025 and early 2026 across multiple states and by videoconference, as well as partially completed corporate representative depositions that require additional time. *Id.* The parties assert that, despite their diligence, the number of parties, witnesses, and locations has made coordination difficult and that additional time is necessary to complete discovery and related pretrial preparations. After reviewing the motion and lengthy procedural history, the Court now addresses whether the parties have demonstrated good cause to again modify the scheduling order.

## II. Legal Standard

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Tenth Circuit has held that the good cause standard requires the

---

[1] Before granting the joint motion that resulted in the Sixth Revised Scheduling Order, the Court directed the parties to confer and identify all remaining depositions, including tentative dates and times for each. *See* Doc. 335. The Court then convened a telephone conference on October 9, 2025. At that hearing, counsel confirmed that most depositions had been scheduled within the proposed extension period and represented that the remaining depositions and any related discovery could be completed within that timeframe. Only after receiving those confirmations did the Court amend the schedule for a sixth time.

movant to show that "scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 990 (10th Cir. 2019). *See also* Fed. R. Civ. P. 16 advisory committee's note to the 1983 amendment (stating that good cause exists when a deadline cannot reasonably be met despite a party's due diligence). The good cause standard also requires the moving party to provide an adequate explanation for any delay. *Tesone*, 942 F.3d at 988. The Court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

### III.    Analysis

The Court begins by observing that the present motion was filed after the discovery deadline had expired. The Sixth Revised Scheduling Order required that all discovery be completed by January 30, 2026. The parties filed the instant motion on February 18, 2026. Accordingly, the request does not seek a prospective adjustment of an existing deadline; rather, it seeks relief from a deadline that has already passed.² The Court also notes that the motion characterizes this as the "first request" to extend the deadlines set in the Sixth Revised Scheduling Order. This is misleading, at best. While technically accurate as to that particular iteration of the most recent schedule, it does not account for the repeated extensions previously granted.

This case has been pending for more than four years and has been governed by seven scheduling orders. Each prior extension was granted upon a showing of good cause and in light of

---

² Technically, the parties must show both excusable neglect and good cause. But good cause requires a greater showing than excusable neglect. *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (quoting *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)). Since the parties have not met the "good cause" standard, the Court need not make a finding as to excusable neglect. *See White Way, Inc. v. Firemen's Ins. Co. of Washington, D.C.*, No. 22-2195-KHV-RES, 2022 WL 17177371, at *3 n.4 (D. Kan. Nov. 23, 2022). The Court will therefore confine its analysis to the good cause requirement.

On a similar note, the motion was not filed in compliance with D. Kan. Rule 6.1(a) which requires "[a]ll motions for an extension of time to perform an act required or allowed to be done within a specified time must be filed as soon as practicable and in no event less than 3 days before the specified time."

the circumstances then before the Court—including motion practice, significant case developments, mediation efforts, and the coordination of numerous depositions across multiple states. *See*, e.g., Doc. 337. The Sixth Revised Scheduling Order was entered specifically to accommodate the volume of depositions and the logistical challenges identified by the parties. In other words, the very considerations now cited in support of yet another extension were expressly accounted for when the Court last reset the schedule.

The parties detail the depositions completed in late 2025 and early 2026 and describe the coordination required among counsel and witnesses. The Court does not minimize those efforts, but Rule 16 requires more than a showing that discovery has been active or burdensome; it requires a showing that the deadlines could not be met despite diligent efforts. *See Tesone*, 942 F.3d at 988-89. The motion does not make that showing.

By the time the Sixth Revised Scheduling Order was entered, the parties were fully aware of the scope of the discovery, the number of parties, and the anticipated discovery burden. The schedule was adjusted with those realities in mind. The present request does not identify any extraordinary development that rendered compliance impracticable. The Court further notes that the parties do not contend that denial of this motion will impair their ability to file dispositive motions under the existing schedule. At some point, litigation must progress toward resolution. The Court concludes that the parties have been afforded sufficient time for discovery and pretrial preparation. It is time for this case to move toward a conclusion.

This conclusion is consistent with the reasoning in *Claytor v. Computer Assocs. Int'l, Inc.*, 211 F.R.D. 665 (D. Kan. 2003). In *Claytor*, the district judge affirmed a magistrate judge's denial of a motion to extend discovery, holding that the plaintiff failed to show good cause where he waited until the eve of the deadline to seek relief and had not previously sought court intervention despite alleged discovery obstruction. *Id.* at 667–68. The court emphasized that a party who believes that

discovery is not able to be completed in the time afforded in the scheduling order must seek assistance from the court in a timely manner and that simply waiting until the deadline has nearly expired does not demonstrate diligence.  *Id.*  The same principle applies here.  If the parties believed that the existing schedule was insufficient to complete the remaining discovery, they were obligated to seek relief before the deadline expired.  Having failed to do so, they cannot now establish that the discovery deadline could not be met despite diligent efforts.

That said, the parties are free to stipulate to conducting discovery after the discovery deadline so long as any ongoing discovery does not interfere with other court-imposed deadlines or delay the briefing of or ruling on dispositive motions or other pretrial preparations.  *See Eppley v. SAFC Biosciences, Inc.*, No. 20-2053-TC-ADM, 2020 WL 7353865, at *2 (D. Kan. Dec. 15, 2020) (recognizing that Rule 29(a) allows the parties to stipulate to depositions occurring after the discovery deadline).  The Court urges the parties to utilize such stipulations to complete any remaining discovery.  However, under these circumstances the Court will not be available to resolve any disputes that may arise during the course of such extended discovery.

**IT IS THEREFORE ORDERED** that the parties' joint motion to amend the scheduling order, Doc. 405, is **DENIED**.  All deadlines remain as stated in the Sixth Revised Scheduling Order.

**IT IS SO ORDERED**.

Dated February 19, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge