**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UMB BANK, N.A., solely in its capacity as successor trustee for the Bonds,

*Plaintiff/Counter-Defendant*,

v.

D. JON MONSON, et al.,

*Defendants/Counter-Plaintiffs,*

v.

COLLIERS SECURITIES, LLC, et al.,

*Third-Party Defendants.*

---

HOWARD YU, solely in his capacity as trustee of the estate of Anthony John Jacobson Trust,

*Plaintiff/Counter-Defendant*,

v.

UMB BANK, N.A., solely in its capacity as successor trustee for the Bonds,

*Defendant/Counter-Plaintiff.*

Case No. 21-2504-EFM

## MEMORANDUM AND ORDER

In mere weeks, a two-week jury trial of this matter will commence on December 8, 2026. Now, before the Court is a Motion seeking to elicit testimony of David Ingram for trial filed by Defendants Anthony Jacobson, Robert Boyer, Mutual Credit Corporation, Howard Yu, Peak Trust Company, Vernal Bay Investments LLC, and Vernal Bay Capital Group, LLC (collectively, the "Vernal Bay Defendants") (Doc. 472). Mr. Ingram is currently in federal custody at the Federal

Correctional Institution in Butner, North Carolina, serving a sentence of 46 months' imprisonment after pleading guilty to wire fraud in connection with the facts underlying this case.[1] He also suffers from numerous medical conditions, likely requiring substantial medical needs. The Vernal Bay Defendants characterize Mr. Ingram as "a central character throughout this epic," yet have not once deposed him throughout this case's five-year journey. Only now do the Vernal Bay Defendants make three alternative requests to secure his testimony for trial.

First, the Vernal Bay Defendants seek a writ of habeas corpus ad testificandum ordering the United States Marshals Service to transport Mr. Ingram from North Carolina to Kansas to testify at trial. Under 28 U.S.C. § 2241, the Court in its discretion may issue a writ of habeas corpus ad testificandum when "[i]t is necessary to bring [a prisoner] into court to testify or for trial."[2] Courts weigh the necessity of a witness's testimony against concerns of expense, security, logistics, and docket control in making this determination.[3] The Court has contacted the U.S. Marshal's Service regarding the Vernal Bay Defendants' request. On balance, the Court finds that, particularly given the short period of time before trial that this motion allowed to arrange the somewhat involved logistics to fulfill this request concerns outweigh the need for Mr. Ingram's in-person testimony pursuant to a writ of habeas corpus ad testificandum. Accordingly, the Court denies the Vernal Bay Defendants' first request.

[1] Mr. Ingram was sentenced on November 18, 2025, and was permitted to self-surrender. J., *United States v. Ingram*, No. 24-CR-20069-DDC (D. Kan. Nov. 20, 2025), Dkt. No. 32.

[2] 28 U.S.C. § 2241(c)(5); *Brady v. United States*, 433 F.2d 924, 925 (10th Cir. 1970) ("The granting of an application for a writ of habeas corpus ad testificandum rests in the sound discretion of the trial court.").

[3] *Hawkins v. Maynard*, 89 F.3d 850 (Table), 1996 WL 335234, at *1 (10th Cir. June 18, 1996).

Second, the Vernal Bay Defendants request the Court order that Mr. Ingram be made available to testify at trial via live video conference. The Vernal Bay Defendants rely on Rule 43(a), which provides "[f]or good cause in compelling circumstances and with appropriate safeguards, the court *may* permit testimony in open court by contemporaneous transmission from a different location."[4] The parties dispute whether this Court may do so considering Rule 45's geographical limit on the Court's subpoena power.[5] Even assuming the Court could order live video testimony, however, the logistical concerns of coordinating with the Bureau of Prisons to produce Mr. Ingram in a timely fashion (i.e., in the interests of sequencing of witnesses and flow of trial) again given the short time period this untimely motion would permit are simply too burdensome. Accordingly, the Court denies the Vernal Bay Defendants' second request.

Finally, the Vernal Bay Defendants request leave to take a trial deposition of Mr. Ingram for use at trial. This would be the first deposition taken of Mr. Ingram in this matter. Although there is no Rule that requires a fact witness be deposed before being called to testify at trial, one must depose a witness to use the deposition at trial as the Vernal Bay Defendants request to do so here. Discovery, however, closed January 30, 2026. And the Federal Rules of Civil Procedure do not draw a distinction between discovery and trial depositions.[6] The Vernal Bay Defendants' third

[4] Fed. R. Civ. P. 43(a) (emphasis added).

[5] Fed. R. Civ. P. 45(c)(1)(A). In the context of non-prisoner witnesses, courts within the Tenth Circuit have interpreted Rule 43(a) to be limited by the Court's geographical subpoena power as articulated in Rule 45. *See In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2021 WL 2822535, at *3–4 (D. Kan. July 7, 2021); *Black Card LLC v. Visa USA Inc.*, 2020 WL 9812009, at *1–2 (D. Wyo. Dec. 2, 2020); *see also* Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment ("When an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1).").

[6] *In re EpiPen*, 2021 WL 2822535, at *7 (citing *Clay v. Bd. of Trs. of Neosho Cnty. Cmty. Coll.*, 1995 WL 646817, at *1 (D. Kan. Sep. 26, 1995)).

request thus impermissibly seeks to reopen discovery, in violation of D. Kan. Rule 30.3.[7] Further, this Motion is not one contemplated by the parties in the Pretrial Order.[8]

The Vernal Bay Defendants rely on this Court's decision in *Kaufman v. Central RV, Inc.*[9] for support. In *Kaufman*, the Court permitted trial depositions of non-incarcerated witnesses to be taken roughly one month before trial.[10] But unlike the witnesses in *Kaufman*, Mr. Ingram is in federal custody. As such, this matter presents different circumstances that yield a different exercise of the Court's discretion.

The Vernal Bay Defendants emphasize the importance of presenting some form of testimony by Mr. Ingram in their case-in-chief, even through a trial deposition as a last resort. The Court recognizes the role Mr. Ingram played in this dispute and "sympathizes with the quandary" the Vernal Bay Defendants find themselves in.[11] At the end of the day, however, this is "a quandary of [their] own making" given their failure to seek his testimony this late in the journey.[12] Accordingly, the Court denies the Vernal Bay Defendants' third request.

---

[7] D. Kan. Rule 30.3 ("The deposition of a material witness not subject to subpoena should ordinarily be taken during the discovery period. However, the deposition of a material witness who agrees to appear at trial, but who later becomes unable or refuses to attend, may be taken at any time prior to trial."). The Vernal Bay Defendants do not present any evidence that Mr. Ingram agreed to appear at trial in this matter.

[8] *See* Doc. 409 at 58; *see also AECOM Tech. Servs., Inc. v. Flatiron | AECOM, LLC*, 187 F.4th 1244, 1263 (10th Cir. 2026) ("[A]ny claims, issues, defenses, or theories of damages not included in the pretrial order are waived." (quotation marks and citation omitted)).

[9] 2022 WL 3975212 (D. Kan. Sep. 1, 2022).

[10] *Id.* at *3.

[11] *In re EpiPen*, 2021 WL 2822535, at *7 (quotation marks and citation omitted).

[12] *Id.* (quotation marks and citation omitted).

**IT IS THEREFORE ORDERED** that the Vernal Bay Defendants' Motion for Writ of Habeas Corpus Ad Testificandum for David Ingram; In the Alternative, Motion for Live Video Testimony Under Fed. R. Civ. P. 43(a); In the Alternative, Motion to Take Trial Deposition (Doc. 470) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 30th day of October, 2026.

Eric F. Melgren

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE